UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PAUL BROWN, ET AL : DOCKET NO. 14-cv-3534

VERSUS : JUDGE MINALDI

ALCOA, INC., ET AL : MAGISTRATE JUDGE KAY

**MEMORANDUM RULING**

This matter is before the court on remand following reversal of a Memorandum Ruling denying plaintiffs' motion to remand. Doc. 31. The district court remanded and instructed us to determine if the "amount-in-controversy requirement is satisfied between the compensatory damages and injunctive relief sought." *Id.* at 4. We allowed all parties the opportunity to brief this issue and the matter now is ripe for ruling.

For the reasons set forth below, we find that defendants have set forth sufficient evidence that plaintiffs' claims will exceed $75,000 satisfying the requisite amount in controversy. Accordingly, plaintiffs' Motion to Remand [doc. 12] is hereby **DENIED**.

**I.
FACTS & PROCEDURAL HISTORY**

The facts and procedural history of this case was set forth at length in our previous memorandum ruling. Briefly, in their motion to remand plaintiffs contend that we lack subject matter jurisdiction because they affirmatively pled that their damages were less than $74,500 and waived any right to recover any sum over that amount. They also argue that they executed binding affidavits and stipulations limiting their damages to less than $75,000.

Notwithstanding these stipulations, defendants removed the case claiming that it is "facially apparent" from the petition that the amount in controversy exceeds $75,000 because the plaintiffs' seek both compensatory damages and injunctive relief. Defendants maintain that the stipulations and affidavits only refer to "damages" and that the injunctive relief sought is not included in, and not limited by, those stipulations.

In our previous ruling we agreed with defendants. We found that plaintiffs' petition requests both compensatory damages and injunctive relief, that the language in plaintiffs' stipulations only applies to compensatory damages, that plaintiffs' compensatory damages equal $74,500, and that the injunctive relief sought exceeds $500.01. Thus, we denied remand.

Plaintiffs appealed this ruling to the district judge who agreed that the value of the requested injunctive relief "probably amounted to $500.01." Doc. 31 p. 3. The district court found, however, that there was no evidence submitted concerning the amount of compensatory damages and noted that "the amount in controversy could be anywhere from $1 to $74,500." *Id.* The court remanded in order to resolve this issue. Thus, the only question before us is whether or not defendants have shown that is more likely than not that the value of plaintiffs' compensatory damages is at least $74,500.

## II.
### LAW & ANALYSIS

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing La. Code Civ. Proc. Art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)). A defendant meets its burden if it shows that (1)

it is "facially apparent" from the petition [that] the claims probably exceed $75,000 or if (2) the defendant introduces other evidence to show the amount in controversy more likely than not exceeds $75,000. *See Klein v. Wells Fargo Bank, N.A.*, 2014 WL 5685113, at *3 (W.D. Tex. Nov. 4, 2014) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)). "The required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.'" *Robertson v. Exxon Mobile Corp.,* 2015 WL 9592499 * 2 (5th Cir.2015)(citing *Berniard v. Dow Chem. Co.,* 481 F. App'x 859, 862 (5th Cir.2010).

Even if a defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar*, 47 F.3d at1409.

Defendants make two arguments in support of jurisdiction. They assert first that plaintiffs' stipulations are dispositive admissions that their compensatory damages must be valued at $74,500. They contend that the language in plaintiffs' petition at paragraph 39 is a stipulation that the recovery sought by each plaintiff equals $74,500[1]. Thus, defendants conclude, since the court has decided that the injunctive relief sought is valued over $500 the jurisdictional amount is satisfied. Defendants alternatively argue that, if the stipulations are not dispositive of the amount of plaintiffs' compensatory damages, their various claims for money damages in their petition make it facially apparent that the claims exceed or nearly exceed $75,000.

---

[1] Paragraph 39 of plaintiffs' petition states in part, "each petitioner specifically waives, renounces, and forgoes that portion of any judgment potentially awarded in each of petitioner's favor for such damages that are in excess of ***the stipulated recovery sought of $74,500.00.***" Doc. 1, att. 2, p. 18.  Emphasis added.

In response plaintiffs maintain that it is not facially apparent that their compensatory damages exceed $74,500. They point out that their stipulations affirmatively renounce an award over $74,500 and assert that the stipulations have no relationship to the actual value of their claims.

In our prior Report and Recommendation we found that plaintiffs had affirmatively bound themselves to compensatory damages less than $74,500 by including the stipulations in their petition. *See* Doc. 21, p. 5. Thus, we reject defendants' argument that the stipulations are dispositive admissions that the compensatory damages must be valued at $74,500. However, we do agree with defendants that, after reviewing plaintiffs' petition and the allegations contained therein, it is facially apparent that plaintiffs' compensatory damages will more likely than not exceed $74,500.

> In paragraph 37 of their petition plaintiffs seek compensation for the following:
>
> a. Sufficient funds to conduct a complete scientific investigation of the extent and nature of the contamination on their properties associated with defendants generation, transportation, storage, handling, and management of toxic and/or hazardous dusts, air pollutants, and/or waste materials and products from the LCC Plant;
>
> b. All costs or restoring petitioners' properties to their original uncontaminated condition;
>
> …
>
> d. Damages caused by the continued unauthorized and unpermitted emission and deposition of toxic and/or hazardous dusts, air pollutants, and/or waste material onto and in petitioners' properties;
>
> e. Unjust enrichment damages for defendants[] continued unauthorized use of petitioners' properties as an unauthorized and unpermitted disposal facility for its toxic and/or hazardous dusts, air pollutants, and/or waste material;
>
> f. An award of stigma damages for diminution in property value before, during and after restoration;

      g.    Any civil fruits derived from defendants continued illegal trespasses;

      h.    Continued damages for annoyance, discomfort and inconvenience occasioned by nuisance created by defendants, including loss of full use and enjoyment of petitioner' properties.

Doc. 1, att. 2, ¶ 37, pp. 17-18. A review of prior cases in which similar damages were awarded supports our conclusion that plaintiffs' damages could certainly exceed the jurisdictional amount necessary. For instance, plaintiffs seek to have "all properties, including soil if necessary, that have been contaminated with toxic and/or hazardous dusts, air pollutants, and/or waste materials from the LCC Plant's aluminum production operations remediated to its original condition." *Id.* at ¶ 35, p. 17. Defendants cite to several cases in which this type of damage alone amounts to a sum greater than or nearly equal to $74,500[2]. The court is also aware, without the need for specific evidence, of the great expense involved in remediation of contaminated property.

    Also included in their seven areas of relief listed above is a claim for diminished property value and stigmatization. Defendants again provide the court with case law showing a prior judgment in the amount of $75,000 for loss in value, loss of use of property, and mental anguish against a defendant who negligently allowed gasoline to seep on and contaminate plaintiffs' property. *See Monk v. La. Dep't Envtl. Quality,* 2012 WL 8021006 (4th La. Dist. Ct. 2/24/12).

    We find it unnecessary to specifically address each and every one of the itemized claims for compensation alleged by plaintiffs because it is abundantly clear that defendants have met their burden of showing that it is more likely than not that plaintiffs' compensatory damages pled in their petition could exceed $74,500. As the Fifth Circuit recognized in *Robertson v. Exxon Mobile Corp., supra* at *3, the court can make "common sense inferences about the amount put at stake

---

[2] *See Simoneaux v. Amoco Prod. Co.,* 860 So.2d 560 (La. App. 1 Cir. 9/26/03)(Plaintiff was awarded $375,000 to remediate his contaminated property.), *Dorsey v. Iberia Parish Gov't,* 2010 WL 3840340 (16th La. Dist. Ct. 7/7/10)(Plaintiff was awarded $72,525 to repair and replace a home contaminated by sewage.).

by the injuries the plaintiffs claim." Here, common sense tells us that the amount in controversy is satisfied considering the potential cumulative money damages for the seven separate theories of relief alleged in the petition.

### III. CONCLUSION

For the reasons stated above, the plaintiffs' Motion to Remand [doc. 12] is hereby **DENIED** in all respects.

THUS DONE this 1st day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE