UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROWN, ET AL | * | CIVIL ACTION NO. 2:14-cv-3534 |
| v. | * | JUDGE MINALDI |
| ALCOA, INC., ET AL | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Remand (Rec. Doc. 12) filed by Plaintiffs, a Response (Rec. Doc. 14) filed by Defendants, a Reply (Rec. Doc. 15) filed by Plaintiffs, a Memorandum Ruling (Rec. Doc. 21) of the Magistrate Judge, a Memorandum (Rec. Doc. 44) filed by Defendants, a Response (Rec. Doc. 45) filed by Plaintiffs, a Reply (Rec. Doc. 46) filed by Defendants, a Memorandum Ruling (Rec. Doc. 47) of the Magistrate Judge, an Appeal of the Magistrate Judge Decision (Rec. Doc. 48) filed by Plaintiffs, a Response (Rec. Doc. 50) filed by Defendants, and a Reply (Rec. Doc. 51) filed by Plaintiffs. For the following reasons, the Appeal of the Magistrate Judge Decision (Rec. Doc. 48) will be **DENIED**, and the Motion to Remand (Rec. Doc. 12) will be **DENIED**.

## FACTS & PROCEDURAL HISTORY

An in-depth factual and procedural history of this case was set forth in the Magistrate Judge's initial Memorandum Ruling which found that the stipulation limiting damages to $74,500 did not include the value of injunctive relief, and that the requested injunctive relief would probably exceed $500.01 per plaintiff.[1] The undersigned remanded the matter to the Magistrate Judge to determine the amount of compensatory damages.[2] The Magistrate Judge

---

[1] Memo. Ruling (Rec. Doc. 21).
[2] Memo. Order (Rec. Doc. 31).

1

found that the compensatory damages would more likely than not exceed $74,500, and recommended[3] that the motion to remand be denied.[4] Thereafter, Plaintiffs filed an Appeal of the Magistrate Judge Decision.[5]

## LAW & ANALYSIS

In the Fifth Circuit, a motion to remand is a dispositive matter. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016). Rule 72 states that in resolving objections to dispositive motions, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After an independent review of the record and a *de novo* determination of the issues, the court concludes that the findings of the Magistrate Judge are correct under applicable law.

Specifically, the court agrees with the Magistrate Judge that it is facially apparent that the compensatory damages will more likely than not exceed $74,500 per plaintiff, and none of Plaintiffs' arguments to the contrary are sufficient to demonstrate to a legal certainty that the compensatory damages will not meet that threshold. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Moreover, the court finds that Plaintiffs' stipulation limiting damages does not include the value of the requested injunctive relief. Finally, the court finds that the requested injunctive relief will probably exceed $500.01 per plaintiff. Thus, it is more likely than not that the amount in controversy exceeds $75,000.

---

[3] Although the Memorandum Ruling (Rec. Doc. 47) ordered that the motion to remand be denied, after Plaintiffs appealed the Magistrate Judge's ruling the Fifth Circuit held that motions to remand are dispositive matters. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016). Consequently, the Memorandum Ruling will be treated as a Report and Recommendation.
[4] Memo. Ruling (Rec. Doc. 47).
[5] Appeal of the Magistrate Judge Decision (Rec. Doc. 48).

Accordingly, Plaintiff's Appeal of the Magistrate Judge Decision (Rec. Doc. 48) will be **DENIED**, and the Motion to Remand (Rec. Doc. 12) will be **DENIED**.

Lake Charles, Louisiana, this 25 day of July, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE